# EXHIBIT A

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FLIPCAUSE, INC.[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 25- (_____) |

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO (A) PAY CERTAIN EMPLOYEE COMPENSATION AND BENEFITS, (B) MAINTAIN AND CONTINUE SUCH BENEFITS AND OTHER EMPLOYEE-RELATED PROGRAMS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Wage Motion**")[2] of the above-captioned debtor and debtor in possession (the "**Debtor**"), for entry of an interim order (this "**Order**") (i) authorizing the Debtor, in its discretion, as deemed necessary to continue to operate and preserve value, to (a) pay all prepetition wages, salaries, commissions, and compensation, and related administrative and incidental costs (all as described below and collectively, the "**Employee Compensation Obligations**") and prepetition employee benefits (all as described below and collectively, the "**Employee Benefit Obligations**"), (b) pay all employment, unemployment, Social Security, and federal, state, and local taxes relating to the Employee Compensation Obligations and Employee Benefit Obligations, whether withheld from wages or paid directly by the Debtor to governmental authorities (collectively, "**Payroll Taxes**"), and make other payroll deductions, including, but not limited to, retirement and other employee benefit plan contributions, and voluntary deductions (all as described below, and collectively with the Payroll Taxes, the "**Payroll Deduction Obligations**" and collectively with the Employee Compensation Obligations and Employee Benefit Obligations,

---

[1] The last four digits of the Debtor's federal tax identification number are 0758. The Debtor's address is 101 Broadway, FL 3, Oakland, CA 94607.
[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

the "**Prepetition Employee Obligations**"), and (c) honor and continue the Debtor's prepetition programs, policies, and practices as described in the Wage Motion with respect to the Prepetition Employee Obligations in the ordinary course of business, and (ii) granting certain related relief, all as more fully set forth in the Wage Motion; and due and sufficient notice of the Wage Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Wage Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Wage Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Wage Motion on an interim basis (the "**Hearing**"); and upon the First Day Declaration and the record of the Hearing and all the proceedings before the Court; and the Court having found and determined the relief requested in the Wage Motion to be necessary to avoid immediate and irreparable harm to the Debtor and its estate, as contemplated by Bankruptcy Rule 6003, and such relief to be in the best interest of the Debtor, its estate and creditors, and any parties in interest; and that the legal and factual bases set forth in the Wage Motion and at the Hearing having established just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Wage Motion is granted on an interim basis as set forth herein.

2. A final hearing (the "**Final Hearing**") to consider the relief requested in the Wage Motion shall be held on _____, **2026 at** \_\_\_\_\_ (Prevailing Eastern Time). Any objection to the granting of the relief requested by the Wage Motion on a final basis shall be filed with the Court and served on or before **_____, 2026** by **4:00 p.m. (ET)** (the "**Objection Deadline**") upon: (a) the Office of the United States Trustee for the District of Delaware, Attn:

Malcolm Bates, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (malcolm.m.bates@usdoj.gov); (b) the Debtor, Flipcause, Inc., Attn: Emerson Ravyn, 101 Broadway, FL 3, Oakland, CA 94607; (c) Gellert Seitz Busenkell & Brown, LLC, 1201 N. Orange St., 3rd Floor, Wilmington, Delaware 19801, Attn: Ronald S. Gellert, Esq. (rgellert@gsbblaw.com); (d) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service; and (e) if any statutory committee has been appointed in this Chapter 11 Case, counsel to such committee.

3. The Debtor is authorized but not directed, in its discretion and business judgment, to (i) pay or otherwise honor all Prepetition Employee Obligations, subject to the $17,150.00 per-employee cap established by sections 507(a)(4) and (a)(5) of the Bankruptcy Code, in an amount not to exceed $11,707.25 (the "**Interim Amount**") which includes: (i) Employee Compensation Obligations in the amount of $10,819.53; (ii) Employee Benefit Obligations in the amount of $528.52; and (iii) Payroll Taxes in the amount of $392.20, before the final hearing on this Wage Motion; (ii) honor and continue its programs, policies, and practices with respect to the Prepetition Employee Obligations that were in effect as of the Petition Date, in the ordinary course of business, and in the same manner and on the same basis as the Debtor honored and continued such programs, policies, and practices before the Petition Date; and (iii) withhold all federal, state, and local taxes relating to the Employee Compensation Obligations and Employee Benefit Obligations as required by applicable law.

4. Notwithstanding any other provision of this Order and absent further order of the Court, (i) payments on account of prepetition obligations in the interim period shall be limited by sections 507(a)(4) and (a)(5) of the Bankruptcy Code and capped at the amount afforded priority by those statutory subsections, (ii) the Debtor is not authorized to "cash out" unpaid vacation days

upon termination/resignation of an employee unless applicable state law requires such payment, (iii) the Debtor is not authorized to pay any amounts under severance plans, and (iv) the Debtor is not authorized to make any non-wage payments to any insider, as such term is defined in section 101(31) of the Bankruptcy Code.

5. Nothing in the Wage Motion or this Order shall be deemed to authorize a payment subject to section 503(c) of the Bankruptcy Code.

6. The Debtor's banks and financial institutions are authorized and directed to receive, process, honor, and pay all checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtor's bank accounts before the Petition Date for Prepetition Employee Obligations that have not been honored and paid as of the Petition Date (or to reissue checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtor's bank accounts, as may be necessary), and are authorized to rely on the Debtor's representations as to which checks, drafts, transfers, or other forms of payment drawn or issued on the Debtor's bank accounts are subject to this Order; *provided that* sufficient funds are on deposit in the applicable bank accounts to cover such payments. Further, the Debtor's banks and financial institutions are prohibited from placing any holds on, or attempting to reverse, any automatic transfers to any account of an Employee or other party for Prepetition Employee Obligations; *provided that* sufficient funds are on deposit in the applicable bank accounts to cover such transfers.

7. The Debtor is authorized to reissue payment for the Prepetition Employee Obligations and to replace any inadvertently dishonored or rejected payments. Further, the Debtor is authorized to reimburse any expenses that employees may incur as a result of any bank's failure to honor a prepetition check.

8. Nothing contained herein is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.  If the Court grants the relief sought herein, any payment made pursuant to the Court's Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtor's rights to subsequently dispute such claim.

9. Notwithstanding anything to the contrary contained herein, any payment made or to be made under this Interim Order, any authorization contained in this Interim Order, or any claim for which payment is authorized hereunder, shall be subject to the requirements imposed on the Debtor under any orders of this Court approving any debtor-in-possession financing for, or any use of cash collateral by, the Debtor and any budget in connection therewith.

10. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

11. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtor is authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

6

13.     This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.