IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FLIPCAUSE, INC.,<br><br>                      Debtor. | Chapter 11<br><br>Case No.: 25-12246-TMH<br><br>**Hearing Date: January 20, 2026, at 2:00 p.m. (ET)** |

**CALIFORNIA ATTORNEY GENERAL'S OBJECTION TO
DEBTOR'S MOTION FOR ENTRY OF AN ORDER DIRECTING STRIPE TO CEASE HOLDS
ON ANY FUNDS, FULFILL PAYMENT PROCESSING OBLIGATIONS, COMPLY WITH
<u>THE AUTOMATIC STAY, AND RELATED RELIEF</u>**

THE CALIFORNIA ATTORNEY GENERAL, responsible for the supervision and regulation of California charities and the professional fundraisers and platforms who enable solicitation on their behalf, hereby respectfully submits this Objection to Debtor's *Motion for Entry of an Order (I) Authorizing and Directing the Debtor's Payment Processor Stripe, Inc. (A) to Cease any Holds on Debtor's Funds, (B) to Fulfill its Payment Processing Obligations Under the Payment Processing Agreement with Debtor, (C) to Comply with the Automatic Stay, and (II) Granting Related Relief* filed on December 19, 2025, as Docket No. 8 (the "Stripe Motion").

**PRELIMINARY STATEMENT[1]**

1.     Flipcause, Inc. ("Flipcause" or "Debtor") seeks control of the funds currently held by Stripe, Inc. ("Stripe"). Stripe identifies these funds as a "reserve" and intends to use them for debts and

---

[1] Capitalized terms used and not defined herein will have the meanings ascribed to them elsewhere within the Objection or in the Stripe Motion.

liabilities. Neither party should be permitted access to these funds until such time as (1) the source of the funds can be determined either charitable donations or business income, and (2) a trustee is appointed to manage Debtor's affairs. If the funds held by Stripe are donations, they no more belong to Stripe than they do to Flipcause; they should be remitted to the charities to which they are owed.

## FACTUAL BACKGROUND

2.      On December 19, 2025, the Debtor commenced a voluntary case under Chapter 11 of the Bankruptcy Code and filed the Stripe Motion.

3.      The Debtor has continued in possession of its property and manages its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No official committee of unsecured creditors has yet been formed.

4.      Information regarding the Debtor's history and business operations, capital structure, and secured indebtedness, and the events leading up to the commencement of this Chapter 11 case can be found in the Debtor's First Day Declaration filed with the Court on the Petition Date.

5.      On December 29, 2025, Stripe filed an Objection to the Stripe Motion ("Stripe Objection").

## OBJECTION

**Neither Debtor nor Stripe, Inc., Should Be Allowed to Utilize the Reserve Funds Until the Sources of the Funds are Identified**

6.      Debtor's own information provided in Debtor's Voluntary Petition for Chapter 11 Bankruptcy ("Petition," or D.I. 1), Affidavit of Emerson Ravyn ("Affidavit," or D.I. 4), and testimony of

Emerson Ravyn on December 22, 2025, demonstrate a failure to manage Debtor's funds in compliance with applicable law regarding charitable assets and fiduciary duties. Until such time as a trustee is appointed, any funds released to Debtor are at imminent risk of improper use or diversion.

7. If Stripe, Inc. ("Stripe") is successful in defeating Debtor's motion to obtain the funds Stripe is holding (D.I. 8), donated funds are at imminent risk of being used by Stripe for its own liabilities.

8. Stripe indicated that it received a fine of $137,000 due to Debtor's conduct and that Stripe timely paid the fine. (Stripe Objection, Declaration of Gustavo Aponte, ¶ 6). However, Stripe does not state whether it used the reserve funds or separate funds to satisfy that fine. If the funds held in reserve by Stripe are donations, it would be an impermissible use of charitable funds.

9. Though Debtor testified that nearly $600,000 of the cash being held by Stripe is charitable donations, that estimate is unsubstantiated. (Transcript of Hearing, *In re Flipcause, Inc.*, No. 25-12246 (TMH) (Bankr. D. Del. Dec. 22, 2025) at 53:9-13). Debtor did not maintain separate accounts and has not provided an accounting or any financial transparency. It is possible that all the funds remaining are charitable assets. Without knowing the source of the funds, the Stripe motion is premature.

10. Funds donated by the public to charities no more belong to Stripe than they do to Flipcause. The charitable purpose of the funds is inalienable whether held by Flipcause or its payment processor. (*In re Bishop College*, 151 B.R. 394, 399 (Bankr. N.D. Tex. 1993)). The Court should not permit the premature disposition of funds for for-profit purposes until the nature of the funds is determined. However, we need not seek an accounting from Debtor to determine the source of the funds

that Stripe is holding. Stripe itself can determine whether the funds are donations from the public and can offer that evidence to the Court.

11. In recognition of the special status of these charitable assets, the Court may order Stripe to deposit the funds in the registry of the Court, pursuant to Rule 67 of the Federal Rules of Civil Procedure and Rule 7067 of the Federal Rules of Bankruptcy Procedure, until such time as the true nature of the funds can be identified.

12. Based on the disputed nature of the funds at issue, the California Attorney General objects to the Stripe Motion as both for-profits seeking control of the funds will apply them to their own expenses and liabilities. Charitable funds belong to the charities to which they were donated and should be returned to their rightful owner.

*[The remainder of this page is left intentionally blank.]*

## CONCLUSION

13. WHEREFORE, for the foregoing reasons, the California Attorney General's Office respectfully request that this Court (i) sustain the objection as to the Motions, (ii) take any further steps the Court deems appropriate for the safeguarding of charitable trust funds and (iii) grant any such other and further relief as is just and proper.

Dated: January 13, 2026
      Los Angeles, CA

Respectfully submitted,

ROB BONTA
Attorney General of California
CAITLIN W. NOBLE
Supervising Deputy Attorney General

_____
KIM KASRELIOVICH
Deputy Attorney General
California State Bar No. 261766
300 South Spring Street, Suite 1702
Los Angeles, CA  90013-1230
Telephone:  (213) 269-6473
Fax:  (916) 731-3637
E-mail:  Kim.Kasreliovich@doj.ca.gov
*Attorneys for California Attorney General, on behalf of the People of the State of California*

# CERTIFICATE OF SERVICE

Case Name:  <u>  Flipcause, Inc.                </u>          No.  <u>  25-12246-TMH            </u>

I hereby certify that on <u>January 13, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER DIRECTING STRIPE TO CEASE HOLDS ON ANY FUNDS, FULFILL PAYMENT PROCESSING OBLIGATIONS, COMPLY WITH THE AUTOMATIC STAY, AND RELATED RELIEF**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>January 13, 2026</u>, at Los Angeles, California.

|  |  |
|---|---|
| <u>          K. Kasreliovich          </u> | <u>     /s/ K. Kasreliovich          </u> |
| Declarant | Signature |